## STEPHEN A. WATSON
### v.
## JOHN N. ROSS.

*Injunctions—The Carrying on Certain Business—Oppression in Obtaining Contract—Sufficiency of Evidence—Partnership.*

Where one of two partners engaged in the business of photography, sold out to the other, and agreed in the contract of sale that he would not enter into the same business in the city where they were located, but, contrary to such agreement, did enter into the same business, *held*, that an injunction would issue to restrain him from carrying on such business, the defense that the contract was obtained by unduly oppressive measures being unsustained by the evidence.

[Opinion filed April 11, 1892.]

IN ERROR to the Circuit Court of Vermilion County; the Hon. F. M. WRIGHT, Judge, presiding.

Messrs. LAWRENCE & LAWRENCE, for plaintiff in error.

Messrs. G. W. SALMANS and W. J. CALHOUN, for defendant in error.

MR. JUSTICE WALL. This was a bill in chancery to restrain the defendant therein, Stephen A. Watson, from carrying on the business of photography within the city of Danville. It was alleged that on the 6th of February, 1891, he entered into a written agreement with the complainant in the bill, John N. Ross, by which he sold to said Ross all his interest in the photographic business which he and said Ross had theretofore conducted in partnership in said city, including all the stock, tools, materials, etc., and the good will of the business, and agreed that he would not directly or indirectly enter into that line of business in said city while said Ross was so engaged. This was in consideration

of $1,550, which was to be partly paid by taking up certain notes of the said Watson, and the balance in cash. Payment was made accordingly. Other conditions and terms of the agreement need not be stated. Shortly after the trade was completed the defendant, Watson, went into the business again on the same street and but a short distance from the old stand. The defendant answered the bill, and upon a final hearing a decree was entered as prayed. The record is brought here by writ of error.

The point chiefly urged upon us is that the contract was unfairly, wrongfully and oppressively obtained, and that therefore the complainant had no standing in a court of equity to ask the relief which was granted. It is argued that undue advantage was taken of the defendant's financial condition and that the complainant threatened by legal proceedings to close up the business and place the partnership affairs in the hands of a receiver, unless the defendant would sign the contract. We think there is nothing very substantial in this position. It is true the parties disagreed and that they quarreled considerably about the management of the business; that they became somewhat embittered, and that a good deal of heated discussion occurred, but it is apparent that the defendant did his full share in this respect. It would seem from the evidence that he was very much inclined to insist upon his own views regardless of the wishes of his partner. He became angry when complainant declined to assist him in reference to a personal liability of $200, in no way connected with the firm business, and because of this refusal he made the suggestion that they should separate. Negotiations then began looking to that end, resulting in the making of the contract in question.

We do not find it necessary to state the evidence in general or in detail as to the discussions that took place before the result was reached; but it is sufficient to say that we think the defendant deliberately signed the contract, fully understanding all its terms and provisions, and that there is no real support for the charge that fraud, duress or op-

pression was used to obtain his signature. It appears also that he deliberately violated the contract, and not only set up another business in opposition to complainant, but that he induced some of complainant's most useful employes to go with him. Having been paid for an agreement not to do this, he can not be heard to complain when it is sought to specifically enforce the contract. It is alleged and proved that he is insolvent, and though it appears that a suit at law was brought and is still pending for damages for the breach of contract, the jurisdiction of a court of equity is clear enough, not on the ground of insolvency merely, but upon the general doctrine applicable in such cases.

It is urged that the complainant failed to meet fully his obligations contained in the contract to pay partnership and other liabilities, and that the defendant had been harassed by suits in reference thereto. We think there is nothing tenable in this objection, and in fact, as already observed, the only real point that is urged with much force or confidence is, that under all the circumstances it is inequitable to afford the desired relief. Our attention is called to the evidence tending to show an oppressive and unjust purpose on the part of complainant, and that the contract was the product of fraud and unfair dealing. There is more or less conflict as to the conduct of the partners during the negotiations after their disagreement began and before the dissolution was effected. This testimony was nearly all oral, and in view of that fact it must be admitted that the trial court had the better opportunity to reach a correct conclusion.

Upon the whole we find no occasion to disturb the decree and it will therefore be affirmed.

*Decree affirmed.*