## JOSEPH W. LANZIT

*v.*

## THE J. W. SEFTON MANUFACTURING COMPANY.

*Opinion filed February 19, 1900.*

1. CONTRACTS—*contracts in restraint of trade are void.* Contracts in general restraint of trade are void, as against public policy.

2. SAME—*whether contract is unreasonable or in general restraint is for the court.* A contract not to engage in a particular business must be reasonable under all the circumstances of the case, and not in general restraint of trade; and whether it is so or not is a question to be determined by the court.

3. SAME—*when contract is void as in general restraint of trade.* A contract by the seller of a paper novelty manufacturing business not to engage in such business in any capacity or furnish information thereof to any one within the States of Illinois and Indiana for a period of ten years is void, as in general restraint of trade, where the seller was a resident of Illinois, engaged in such business when the contract was made, and it does not appear the territorial restriction is necessary to protect the purchaser's business.

4. SAME—*when contract not to engage in business within limits of State is void.*  A contract not to engage in or follow a business requiring special skill and knowledge within the State of the covenantor's residence is void, as against the policy of the State, where the effect of such contract is to deprive the people of the State of the particular usefulness and skill of the covenantor, and to compel him either to engage in other business or expatriate himself from citizenship of such State in order to support himself and family.

5. SAME—*magnitude of business involved in contract is not the only test of contract's validity.*  A contract in restraint of trade throughout the limits of a State may be void, as against public policy, although it may not appear to be unreasonable when considered merely with reference to the extent of the business of the covenantee and the protection intended to be secured to him, since the interest and welfare of the public are of paramount importance in determining the validity of such contract.

*Lanzit* v. *Sefton Manf. Co.* 83 Ill. App. 168, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

SAMUEL J. HOWE, for appellant.

CHURCH, McMURDY & SHERMAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Upon its bill in equity brought in the superior court of Cook county, appellee obtained a decree enjoining appellant, for a period of ten years from February 3, 1897, from following or engaging in, directly or indirectly, in any capacity whatever, the business of manufacturing, selling, handling or dealing in paper receptacles, oyster pails, paper clothing boxes, folding paper boxes, or paper novelties of any kind or description whatever, and from furnishing any person, firm or corporation with any information relating to or concerning any of said business, in the States of Illinois and Indiana, and each of them, and from continuing in the employment of the Fred Rentz Paper Company, and from dealing in said goods in connection with said company in said two States, and each

of them.    The bill and decree were based upon the following contract between appellant and appellee:

"CHICAGO, ILL., *February 3, 1897.*

"As a special consideration for the purchase this day by the J. W. Sefton Manufacturing Company, an Indiana corporation, (doing business, also, in Chicago,) from me of my share and interest in and to the said business heretofore conducted by myself and Mrs. Margaret Banks at Chicago, Illinois, under the firm name and style of Joseph J. Lanzit Manufacturing Company, in accordance with the terms of a certain bill of sale made at Chicago, Illinois, this day, and as a special consideration for the employment of me by said J. W. Sefton Manufacturing Company as a salesman, in accordance with a certain contract of employment made at Chicago this day, and for one dollar and other good and valuable considerations, the receipt whereof I hereby acknowledge, I, Joseph J. Lanzit, of Chicago, Illinois, do hereby expressly covenant and agree as follows: That for the period of ten years from this third day of February, 1897, I will not anywhere in the United States of America, directly or indirectly, either alone or with any other person, firm or corporation, as employee, stockholder, officer, manager or otherwise, or in an advisory capacity, set up, follow or engage in the business of manufacturing, buying, selling, handling or dealing in paper receptacles, paper oyster pails, clothing boxes, folding paper boxes, or paper novelties of any kind or description whatsoever, nor will I furnish any other person, firm or corporation with any information relating to or concerning any of said business."

Then follows a paragraph identical with the last, except that the territory named, instead of the United States of America, is the State of Indiana, and this in turn is followed by a paragraph in which the territory named is the State of Illinois, and it by a paragraph in which the territory named is Cook county, Illinois, after which is the following:

"All the above restrictions are subject to the exceptions of my employment with the said J. W. Sefton Manufacturing Company, as per said contract of employment this date.

"In witness whereof I have hereunto set my hand and seal at Chicago, Illinois, this third day of February, A. D. 1897.

FRED W. JOB, *Witness.*"                JOS. J. LANZIT.    [Seal.]

The evidence shows that after Lanzit's term of employment, which was one year, had expired, he was employed by said Rentz Paper Company, engaged, in part, in the same business in Illinois and Indiana as that carried on by appellee and covered by the contract in question. But there is no allegation that said business was carried on in Cook county, or that appellant was engaged in any business covered by his contract, in Cook county.

The only question for consideration is, were those provisions of the contract by which appellant agreed not to engage for ten years in said business in Illinois, Indiana and the United States, void because in restraint of trade. As drawn, the contract is severable, and may, if within the scope of the bill, be enforced as to any valid provision of it as to the territory therein mentioned, and declared void as to other provisions found invalid.

The bill alleged and the proof showed that appellee was an Indiana corporation, but authorized to do, and was doing, business in this State as well as in Indiana; that it manufactured and sold its goods mentioned in the contract, in both States, and transacted its business, to a great extent, from its office in Chicago, and the prayer of the bill was that appellant be enjoined from violating his contract as to the States of Indiana and Illinois. It is too well settled to require discussion, that contracts in general restraint of trade are void as being against public policy. But contracts only in partial restraint of trade are valid and enforceable, if reasonable and supported by a consideration good in law. (*Linn* v. *Sigsbee*, 67 Ill. 75; *Hursen* v. *Gavin*, 162 id. 377, and cases there cited.) In *Hursen* v. *Gavin*, *supra*, we said (p. 380): "A contract in restraint of trade is thus total and general when by it a party binds himself not to carry on his trade or business at all, or not to pursue it within the limits of a particular country or State. Such a general contract in restraint of trade necessarily works an injury to the public at large and to the party himself in the respects in-

dicated, and is therefore against public policy." See, also, *Harding* v. *American Glucose Co.* 182 Ill. 551; *Wright* v. *Ryder*, 36 Cal. 342.

It is said, however, by appellee, that what was said in the *Hursen case* was not necessary to the decision, and should not be regarded as authority in a case where the question is directly involved. It is also argued that the strictness of the rule laid down in the early cases has been greatly relaxed because of the different methods and increased facilities of communication and of transacting business, enabling the merchant or manufacturer to extend his trade over greater areas of territory than formerly was possible. Many cases are cited, among them *Gibbs* v. *Baltimore Gas Co.* 130 U. S. 409, *Tode* v. *Gross*, 127 N. Y. 485, *Diamond Match Co.* v. *Roeber*, 106 id. 477, *Hodge* v. *Sloan*, 107 id. 248, *Leslie* v. *Lorillard*, 110 id. 534, and *Cowan* v. *Fairbrother*, 32 L. R. A. 829. But all of these cases fully recognize the rule that the contract must be reasonable under all the circumstances of the case and not in general restraint of trade, and that whether it is so or not is a question to be determined by the court. Thus, in *Oregon Steam Navigation Co.* v. *Winsor*, 20 Wall. 64, while the contract there involved was by a divided court held valid, it was said in the opinion of the court that it has generally been held that a contract not to exercise a trade in a particular State is invalid under the rule, on the ground that it would compel a man thus bound to transfer his residence and allegiance to another State in order to pursue his avocation, but that in this country such a mode of applying the rule should be received with caution. And it was there, and also in *Gibbs* v. *Baltimore Gas Co.* 130 U. S. 409, further said: "Cases must be judged according to their circumstances, and can only be rightly judged when the reason and grounds of the rule are carefully considered. There are two principal grounds on which the doctrine is founded that a contract in restraint of trade is void as against public policy. One is, the

injury to the public by being deprived of the restricted party's industry; the other is, the injury to the party himself by being precluded from pursuing his occupation, and thus being prevented from supporting himself and his family. It is evident that both these evils occur when the contract is general not to pursue one's trade at all, or not to pursue it in the entire realm or country. The country suffers the loss in both cases, and the party is deprived of his occupation or is obliged to expatriate himself in order to follow it. A contract that is open to such grave objection is clearly against public policy."

The question is here presented whether said contract between appellant and appellee is or not reasonable and consistent with the public policy of the State. The record shows that appellant was, at the time of the making of the contract, engaged in said business in this State, and that after his term of employment by appellee ended he became employed by the Rentz company, engaged in this State, in part in the same business. The effect of the contract, if enforced as decreed below, would be to de- prive the public,—the people of the whole State,—of the industry and skill of appellant in the particular trade or business in which he may be most skillful and useful, and compel him to engage in some other business or move to another State in order to support himself and family,— in other words, to expatriate himself so far as his citizen- ship of this State extends and go beyond our jurisdiction. Whether or not, under certain facts and circumstances, a valid contract might not be entered into not to engage in a specified business within the State it is not neces- sary here to determine. As said above, "cases must be judged by the circumstances." But we are of the opinion that a contract of the character and tending to produce the effect of the one under consideration is, under all of the circumstances shown, unreasonable and against the public policy of this State. (*Allbright* v. *Teas,* 37 N. J. Eq. 171; *Consumers' Oil Co.* v. *Nunnemaker,* 142 Ind. 560; *Berlin*

*Machine Works* v. *Perry,* 71 Wis. 495; *Holmes* v. *Martin,* 10
Ga. 503; *Lange* v. *Werk,* 2 Ohio St. 519; *Keeler* v. *Taylor,*
53 Pa. St. 467; *Morris Run Coal Co.* v. *Barclay Coal Co.* 68
Pa. St. 173.) For the period of ten years the restraint is
total, when considered with reference to the limits of the
State and so far as our laws and the jurisdiction of our
courts extend. Besides, business and trade in this country
are not usually affected by State lines, and there is noth-
ing in this case to make it appear that the boundaries of
this State or of the State of Indiana, or of both of them
combined, are the reasonable boundaries of the territory
covered, or intended to be covered, by the business or
trade mentioned in the contract and necessary for the
protection of appellee in its purchase from and contract
with appellant. In the *Hursen case* we said: "Where the
restriction embraces too large a territory it will be un-
reasonable and void, as being wider than is necessary for
the protection of the party in whose favor it is imposed."
True, cases may arise,—have arisen,—where it would ap-
pear that even a greater extent of territory than a single
State would not be wider than necessary for the pro-
tection of the covenantee from the competition intended
to be guarded against. But this is not the only test of
the validity of the contract. The interest and welfare
of the public are of paramount importance. If a con-
tract is in restraint of trade throughout an entire State
it may be void as against public policy, although it may
appear not to be unreasonable when considered merely
with reference to the extent of the business of the cove-
nantee and the protection intended to be secured to him.
If such were not the rule, then the mere magnitude of the
business and trade involved in the contract would de-
termine its validity, overriding all questions affecting the
public welfare.

The decree enjoining appellant from engaging in said
business in the States of Illinois and Indiana is erroneous
and should have been reversed by the Appellate Court.

Whether so much of the contract as applies to Cook county, only, might not be enforced it is unnecessary to determine, as there are no allegations in the bill to sustain such a decree.

The judgment of the Appellate Court is reversed and the cause remanded.                    *Reversed and remanded.*