Union Strawboard Co. v. Bonfield.

---

## Union Strawboard Co., use, etc., v. Wesley Bonfield.

| 96 | 413 |
|---|---|
| a193s | 420 |
| 96 | 413 |
| a193s | 420 |

1.  CONTRACTS—*When Void as in Restraint of Trade.*—A contract by a manufacturer of certain articles, not to engage in or be interested in the manufacture of such articles in this State, or where it would conflict with the business interests of the buyer for a term of twenty-five years, is in restraint of trade and void, because opposed to public policy.

2.  PLEADING—*When the Declaration Should Allege that a Contract in Restraint of Trade is Divisible.*—Where a party believes a contract to be divisible, one part being void as in restraint of trade because of the unlimited territory it covers, and another part valid as to a limited territory, he should so allege in his declaration.

Covenant.—Appeal from the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding.   Heard in this court at the April term, 1901.   Affirmed.   Opinion filed July 12, 1901.

In the Circuit Court appellant brought suit in an action of covenant against appellee upon the following contract set forth in the pleadings filed in the court below:

"Whereas, the Union Strawboard Company, a corporation under the laws of Ohio, has purchased, paying therefor the sum of fifty thousand dollars, the paper mill of the Kankakee Paper Company located at Kankakee, Kankakee county, in the State of Illinois, together with all the leasehold interest, rights, appurtenances and fixtures of said paper mill, together with the good will of said The Kankakee Paper Company in the manufacture and sale of sheet strawboard, rolled strawboard, wood pulpboard, pulp-lined board, wrapping paper, and other similar kinds of board and papers.

"And whereas, the said Union Strawboard Company would not have purchased said paper mill without this agreement on our part, and whereas we, the undersigned, are the owners and proprietors of the said Kankakee paper mill and receive the profits and proceeds of this sale.

"Now, therefore, we, as a part consideration for the payment of said sum of fifty thousand dollars, and as an inducement to said The Union Strawboard Company to pay said sum of money, do hereby covenant and agree to and with said The Union Strawboard Company, that we shall not and will not for the term of twenty-five years from the date hereof, directly or indirectly, engage in or be interested in the manufacture or sale of sheet strawboard, rolled strawboard, wood pulpboard, pulp-lined board, wrapping paper, or any other kind of boards or paper which will interfere with the sale and consumption of said above described board and papers, in the State of Illinois or anywhere else where so doing may conflict with the business interests or diminish or lessen the profits of said The Union Strawboard Company in the manufacture and sale of said above described boards and papers, nor will we aid, encourage or assist any other person or persons, firm or corporation so to do, and the sum of fifty thousand dollars to be recovered by and paid to said The Union Strawboard Company, is hereby fixed and agreed upon as and for liquidated damages, to the payment of which said sum of fifty thousand dollars, well and truly to be made to said The Union Straw-

board Company, its successors or assigns, we do hereby bind ourselves, our heirs, executors and administrators firmly by this contract in case of any violation of this contract by us.    Each one being responsible only for his own acts.

" In witness whereof, we have hereunto set our hands and seals this——day of September, A. D. 1887.

| | |
|---|---|
| F. Crawford. | [Seal.] |
| W. Bonfield. | [Seal.] |
| Mary E. Mitchell. | [Seal.] |
| Annie L. Hamblin. | [Seal.] |
| Fannie Ahrens. | [Seal.] |
| Mary J. Hamblin. | [Seal.]" |

Defendant demurred to the declaration, which demurrer being sustained the plaintiff prosecutes this appeal.

W. R. Hunter and R. J. Slater, attorneys for appellant; O. P. Bonney, of counsel.

H. K. Wheeler, attorney for appellee; T. P. Bonfield and Paddock & Cooper, of counsel.

Mr. Justice Waterman delivered the opinion of the court.

By virtue of the foregoing contract appellee and others covenanted that they would not for the term of twenty-five years from the date thereof, directly engage in or be interested in the manufacture of certain articles in said contract set forth, in the State of Illinois or anywhere else, where so doing might conflict with the business interests, or diminish or lessen the profits of said Union Strawboard Company in the manufacture and sale of the above described boards and papers, nor would appellee and others signing said bond aid, encourage or assist any other person or persons, firm or corporation so to do.    This contract was clearly in restraint of trade, and therefore void because opposed to public policy.

The Supreme Court of this State in the case of Hursen v. Gavin, 162 Ill. 377, said :

" A contract in restraint of trade is thus total and general, when by it a party binds himself not to carry on his trade or business at all, or not to pursue it within the limits of a particular country or State.    Such a general contract

in restraint of trade necessarily works an injury to the public at large, and to the party himself in the respects indicated, and is therefore against public policy. * * * A contract in restraint of trade, to be valid, must show that the restraint to be imposed is partial, reasonable, and founded upon a consideration capable of enforcing the agreement. The contract must be construed by the court, and its reasonable character and consideration for it determined."

In Harding v. American Glucose Company, 182 Ill. 638, the court say :

·· "Undoubtedly contracts in total restraint of trade are void. A contract in restraint is thus total and general when by it a party binds himself not to carry on his trade or business at all, or not to pursue it within the limits of a particular country or state."

·And ·in Lansit v. Sefton Mfg. Company, 184 Ill. 326, the court in .commenting upon a criticism urged before it, to the effect that what was said in the Hursen case was not necessary to the decision and should not be regarded as authority in a case where the question is directly involved, and in reply to the argument that the strictness of the rule laid down in the early cases as to contracts in restraint of trade has been greatly relaxed, say :

"But all of these cases fully recognize the rule that the contract must be reasonable under all the circumstances of the case, and not in general restraint of trade, and that whether it is so or not is a question to be determined by the court."

· And further:

· "If a contract is in restraint of trade throughout ·an entire State it may·be void as against public policy, although ·it may appear not to be unreasonable when considered merely with reference to the extent of the business of the covenantee and the protection intended to be secured to him."

So in More v. Bennett, 41 Ill. App. 164, 140 Ill. 69, it was held :

"A contract in restraint of trade, to be valid, must be no more extensive than is reasonably necessary for the

protection of the covenantee in the enjoyment of the busi-ness purchased."

The contract under consideration in this case might, and if valid probably would, restrain appellee from engaging in the business concerning which said contract was, through-out the entire world.    Appellant urges that although the contract may be, as a whole, invalid, because of the unlim-ited territory which it covers, it should be held valid as to the State of Illinois, or especially in the county of Kanka-kee.    Being unlimited to territory, as it is, the contract was undoubtedly invalid upon its face; and if appellant was willing to concede such fact and to insist upon its validity only as to the limited territory, as the county of Kankakee, appellant ought in its declaration to have taken that posi-tion and urged and declared that the limitation for the county of Kankakee was all that it was insisting upon, and that this was, considering the nature of the business, a rea-sonable limitation and one not so injurious to the public, or to the covenantors, as to be void as against public policy. The judgment of the Circuit Court is affirmed.