(No. 25051.—

BEN MAMMINA, Appellee, *vs.* THE HOMELAND INSURANCE COMPANY OF AMERICA, Appellant.

*Opinion filed June 15, 1939.*

556

I. W. KAUFMAN, for appellant.

WILLIAM FELDMAN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

By this appeal, on leave granted, appellant seeks reversal of a judgment of the Appellate Court for the First District, affirming a judgment of the municipal court of Chicago for $1650 in favor of appellee.

Appellee sought to recover from appellant the value of a truck under a fire insurance policy issued by appellant in the sum of $2000. On February 11, 1935, the truck collided with a freight train and subsequently burned. Appellee, in an itemized schedule of the loss, claimed $2000, the face of the policy, as damages.

Appellant denied the truck was greatly damaged by fire and it alleged the fact to be that the damage to the truck resulted from the collision, and denied liability to appellee in any sum. On the first trial, judgment against appellee for costs was entered, which the Appellate Court for the First District reversed, and the cause was remanded for a new trial. On retrial without a jury the entire proceedings on the first trial were offered and received in evidence on stipulation, subject to the reservation that appellant might introduce any additional evidence deemed necessary, without being bound by any rulings made at the first trial. Appellee offered that transcript and rested. This included photographs of the truck, and different parts thereof, taken shortly after the accident. It was stipulated the value of the wreckage of the truck after the collision and fire was $100. Appellee in his testimony, as appears in that tran-

script placed a value of the truck on February 11, 1935, the date of the accident, at $2250. It is undisputed that a "Big Four" train collided with the truck about 5:30 P. M. at a crossing near Anderson, Indiana, and the truck then burst into flames. The truck was in good condition on the day of the accident. It was of the trailer type. Only the truck was demolished or burned. The trailer, after the collision and fire, was found on the opposite side of the highway from the truck. It is appellant's undisputed testimony that the truck was completely demolished and impossible to reassemble. The frame was sprung and "the truck system" was knocked out from under the truck and lay five or six feet away in a ditch. The frame was bent and broken. The radiator, front fenders and hood were crushed and useless. The front axle and axle spring and wheels were knocked completely out from under the truck and demolished. The transmission was broken. The motor was broken loose from its mountings. The clutch was broken and exposed. The drive shaft and universal were torn completely out. The rear axle and springs were sprung. The wires were torn loose and broken from their contact points. Some spark plugs were broken, and balance intact. The radiator shell and grill were crushed and worthless. The carburetor was knocked off the motor. The differential and housing were sprung. The generator was missing. The cab was entirely crushed. The water pump was pulled out of the front of the motor and was missing. The left fenders and running board were crushed, crumpled and worthless and the truck, for all practical purposes, was worthless beyond its value as junk. The testimony shows that it had but little wood on it.

At the second trial, in addition to the record of the first trial, undisputed evidence for appellant was offered, again relating what parts of the truck were damaged by collision, and placing a value on the truck after the collision, if no fire had ensued, at $350, and that the fire damage to the

truck was $250. This evidence enumerated the separate parts destroyed or damaged by fire and gave their value. This testimony showed there was no evidence of fire in front of the cowl.

The record shows appellee's theory on the first trial to have been that appellant was liable for the entire loss because the insurance policy insured him "from fire arising from any cause whatsoever," and contained no exclusion clause. On the second trial appellee appears to have rested on the opinion of the Appellate Court as fixing the liability of appellant for the total loss, and apparently considered further evidence was unnecessary. Appellant's theory throughout both trials was that, as the only risk covered by the policy was "loss from fire,"—and it indemnified against such loss arising from any cause—it was to the fire loss only that its liability extended, and where loss by collision can be distinguished from that by fire, the insurer's liability is limited to the latter. It urges in support of this position that where there are two concurrent causes of loss, one at the risk of the assured and one insured against, if the damage by the perils respectively can be distinguished, the assured can recover only for the damage resulting from the peril insured against, and, second, since defendant's evidence on the question of damages is uncontradicted by any positive testimony or circumstances, and is not inherently improbable, it should have been accepted by the trial court and Appellate Court as conclusive. Appellee, on the other hand, contends that as the policy on the truck does not except collision as a cause of fire, it covers the entire loss.

An insurance policy is a contract between the company issuing it and the assured. The rights and liabilities of parties to an insurance contract are therein fixed. In cases of dispute courts construe the language of the contract, and where ambiguity exists a liberal construction of the language used in favor of the insured is adopted.

This policy, under the heading: "Limitation of Liability and method of determining same," reads in part as follows: "The Company's liability for loss or damage to the automobile described herein shall not exceed the actual cash value thereof at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated accordingly, with proper deduction for depreciation however caused, and without compensation for loss of use, and shall in no event exceed the limit of liability," etc. By his statement of claim appellee alleges that his truck, insured against fire, was on February 11, 1935, involved in an accident and subsequently caught fire, thereby several parts of the vehicle were greatly damaged and injured by said fire. By his proof he fixes the value of the truck on the day in question in excess of the policy, and its value, after the collision and fire, at $100. Appellant's proof, and it is in no way contradicted, is that the truck was damaged by the impact of the locomotive, to the extent that its value, at the time the fire broke out, was $350, with a value of $100 after the fire, making the fire loss $250.

Phillips, in his Treatise on the Laws of Insurance, (1 Phillips on Insurance, secs. 1136, 1137,) states two rules with respect to the concurrence of different causes of loss, which are generally accepted by the courts, as stating correct rules of law. (*Howard Fire Ins. Co.* v. *Norwich & N. Y. Transportation Co.* 79 U. S. 194, 20 L. ed. 378; *Fogarty* v. *Fidelity & Casualty Co.* 120 Conn. 296; *Lummel* v. *National Fire Ins. Co. of Hartford,* 210 N. W. (S. D.) 739.) The first is, "In a case of the concurrence of two causes of loss, one at the risk of the assured and the other insured against, or one insured against by A and the other by B, if the damage by the perils respectively can be discriminated, each party must bear his proportion." The second is, "Where different parties, whether the assured and the underwriter, or different underwriters, are responsi-

ble for different causes of loss, and the damage by each cannot be distinguished, the party responsible for the predominating efficient cause, or that by which the operation of the other is directly occasioned, as being merely incidental to it, is liable to bear the loss."

In the case under discussion, appellee assumed the risk of collision and appellant the risk of fire. Appellee admits in his statement of claim that his truck collided with a railroad locomotive and that "subsequently" fire in the truck ensued. It is clear from the evidence that by far the major portion of the damage, hereinbefore described, could not have been caused by fire, and that the far greater part of the damage was done to the truck by its collision with the railroad locomotive prior to the fire. Under competent expert testimony this loss was segregated from that by fire and the value of the wreck after the collision and before the fire was shown. The trial court, on the first trial, was of the opinion that such evidence was conjectural, but the Appellate Court, on review of the first judgment held, and properly we think, that the witness offered and his testimony were competent. His evidence was admitted on the second trial and stands undisputed in the record. Under the limitations of appellant's liability, as set out in the policy, appellant was liable only for the fire damage to the truck, which was limited to the "actual cash value thereof at the time any loss or damage occurs." The undisputed evidence is that its value at the time the fire broke out was $350. The undisputed evidence also is that the loss occasioned by the collision was as readily ascertainable as was the loss by fire. As there was no contradiction of appellant's testimony either by testimony or circumstances, and it is not inherently improbable, the court could not, without committing error, reject it. *Kelly* v. *Jones,* 290 Ill. 375; *Larson* v. *Glos,* 235 id. 584.

In the condition in which we find the record, the first rule stated by Phillips is applicable. Appellee assumed the

risk of collision and the damage to the truck caused thereby. Appellant assumed the risk of damage to the truck by fire, but limited its liability to the actual cash value of the truck, with proper deduction for depreciation, however caused, at the time the loss by fire occurred.

Cases cited by appellee have been those where the record contained no evidence discriminating between damage done by fire and that caused by other agencies. While appellant admits it is responsible for the damage by fire, even though the fire was caused by the collision, it urges, and we think logically and justly in this case, that its liability is limited to the damage done to the truck in the condition in which the truck was shown by the record to be, when the fire broke out. As the evidence shows the truck was depreciated at the time the fire broke out, and at that time had an actual value of $350, and its value after the fire was $100, therefore appellant's damages are to be limited to $250.

The judgment of the Appellate Court is reversed and judgment for the plaintiff is entered here in the sum of $250, costs to be taxed one-half to each party.

*Judgment reversed and judgment here.*