WILLIAM S. O'SULLIVAN, Plaintiff-Appellee, *v.* RAYMOND CONRAD, Defendant-Appellant.

Fifth District    No. 76-236

Opinion filed December 29, 1976.

Wiseman, Shaikewitz, McGivern & Wahl, of Alton, for appellant.

Joseph W. Hickman, of Benton, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is a suit for an injunction to enforce a restrictive covenant incorporated in a sales agreement. The agreement involved the sale of two ongoing optical facilities. By the agreement, defendant Raymond Conrad, seller, was to become an employee of plaintiff William

O'Sullivan, buyer, and, in the event of the termination of the employment contract or any extension thereof, defendant agreed not to engage in a competing optical business within a radius of 75 miles from Herrin, Illinois, for a period of five years. On April 8, 1976, a hearing on plaintiff's complaint for temporary and permanent injunction was conducted in the circuit court of Saline County. The court granted the injunction as prayed and found that the space and time restrictions were reasonable and that the consideration for it was not unreasonable. In its decree of April 15, 1976, granting the injunction, the court found that the covenant not to compete was not "unenforceable and void, not harsh and oppressive to the Defendant, not injurious to the public and, consequently, not unreasonable." The defendant appeals from this decision. We affirm.

The facts in this case were established in the trial court by stipulation, an exhibit, and the testimony of defendant Raymond Conrad and four other witnesses for the defendant. The relevant facts are as follows. Plaintiff William O'Sullivan and defendant Raymond Conrad entered into a sales agreement on July 27, 1972. This agreement was for the sale to the plaintiff of two optical facilities owned and operated by the defendant, one in Herrin, Illinois, and the other in Metropolis, Illinois. The purchase price for this sale was $117,000, $73,000 of which was expressly in the contract attributable to the sale of good will. The good will was allocated among the two business locations unequally, $28,000 for the Metropolis location and $45,000 for the Herrin location. Provision 11 of the agreement concerned the performance of professional optometry services by the defendant for the plaintiff; the last paragraph of Provision 11 provides the basis for the suit in this case and reads as follows:

> "The employment of the SELLER shall be for a period of one (1) year. At the end of said year, a new contract of employment may be negotiated. In the event of the termination of the employment contract or any extension thereof, the SELLER agrees not to engage in competing optical business within a radius of 75 miles from Herrin, Illinois, for a period of five (5) years from such termination."

The agreement also allowed the plaintiff to form a corporation at anytime, with the name Conrad Optical Company.

The defendant agreed to a stipulation that the employment relationship was terminated but would not stipulate that it was terminated on December 31, 1972, as alleged in the plaintiff's complaint. The defendant at the time of trial owned half interest in an optical business in Fairfield, Illinois, outside the proscribed area of the covenant. It was also stipulated that the defendant opened an optical office in Harrisburg, Illinois, on January 20, 1976, which is within 40 miles of Herrin, and conducted business there continuously until the time of the hearing in April.

Defendant's witness, Walter Murphy of McLeansboro, Illinois, has lived in McLeansboro since 1961. He got a pair of eyeglasses from the defendant in the Herrin office in 1962. He traveled to O'Sullivan Conrad Optical in Herrin to be fitted for eyeglasses either on December 12, 1975, or January 12, 1976, a distance, by his estimate, of over 40 miles. He did not know that Dr. Conrad was in Harrisburg when he went to O'Sullivan Conrad Optical in Herrin. Mr. Murphy was dissatisfied with the eyeglasses he received in Herrin and was re-examined by the defendant in his Harrisburg office three to four weeks prior to the hearing. Mr. Murphy went to the Conrad Optical office in Fairfield in 1973 because he believed Conrad was "interested" in the office.

Defendant's witness, Fay Musulis of Harrisburg, went to the Herrin office three years prior to the hearing thinking Dr. Conrad was still there. Fay Masulis, Walter Murphy, and two other witnesses of the defendant all felt that Dr. Conrad's service was a needed one in the Harrisburg community. There are four other optometrists other than the defendant in Harrisburg.

The defendant contends in this appeal: (1) that the restraint imposed under the contract of sale was unreasonable and unenforceable (a) because it is greater than necessary to protect the plaintiff, (b) because the restraint is not limited to a time and area which is reasonable, and (c) because the restraint would cause undue hardship on the defendant; (2) that the court erred in finding the restraint not injurious to the public since there was uncontradicted testimony by defendant's witnesses that his services were needed in Harrisburg, and (3) that the court erred in finding that the defendant was operating a business in breach of the contract of sale because there was no proof of competition. We find no merit in any of defendant's contentions.

■■ There are two separate lines of cases involved in the area of restrictive covenants not to compete. One deals with covenants ancillary to employment contracts and the other deals with covenants ancillary to the sale of a business or property. Since a difference exists in the nature of the interests sought to be protected in the case of an employer on the one hand from the case of a buyer on the other, decisions involving restraints ancillary to contracts of employment cannot be of significant value or weight in cases involving restraints ancillary to a sale. (*McCook Window Co. v. Hardwood Door Corp.*, 52 Ill. App. 2d 278, 202 N.E.2d 36; *General Bumper Co. v. Action Bumper Co.*, 78 Ill. App. 2d 259, 223 N.E.2d 457.) It therefore becomes important to determine whether we are dealing with a covenant ancillary to an employment relationship or ancillary to a contract of sale. The trial court treated the agreement in question as a sale situation rather than an employment situation and we agree with this characterization. The agreement involved was entitled "Selling and

Purchase Agreement." Eleven out of the 12 provisions dealt solely with details of the sale and rights thereunder; the creation of an employment relationship was merely incidental to the contract of sale and was probably established to ensure a smooth transition of ownership and operation of the business. The choice of the date of termination of employment as starting the running of the restrictive covenant was in all likelihood an admission that in practicality a threat to the good will transferred to the plaintiff by the opening of a competing optical business by the defendant could only occur when Raymond Conrad stopped working for the plaintiff in a transitional capacity. Much of the argument of the defendant-appellant in this appeal has been centered around the interests of an employer in trade secrets, customer lists and the like and consequently not helpful in the resolution of this controversy.

■■ It is a well-established rule that the validity of a restrictive covenant ancillary to the sale of a business depends upon its "reasonableness." This test is divided into three elements. For the restraint to be reasonable it must be necessary in its full extent for protection of the buyer, and at the same time not be oppressive to the seller or injurious to the interests of the general public. (*McCook Window Co. v. Hardwood Door Corp.; Bauer v. Sawyer*, 8 Ill. 2d 351, 134 N.E.2d 329.) The two elements of injury to the public and oppressiveness to the seller are the foundations for finding a restriction unreasonable as violative of "public policy." (*Decker v. West*, 273 Ill. App. 532.) The reasonableness of the time and territorial extent of a restraint ancillary to a sale of business or property must be judged by the circumstances of the particular case. *Vendo Co. v. Stoner*, 105 Ill. App. 2d 261, 245 N.E.2d 263; *McCook Window Co. v. Hardwood Door Corp.*

We find that there was ample evidence to support the trial court's finding (1) that the restriction is reasonable as to its time parameter and its territorial scope and necessary in its full extent to protect the good will that the plaintiff purchased, and (2), that there is no undue hardship to the defendant or injury to the public as to render the restriction unreasonable and thereby unenforceable as a matter of public policy.

The interest which the purchaser is entitled to protect by a restraint is the enjoyment and possession of the good will of the property transferred to him. (*Laszlo v. Terao*, 343 Ill. App. 467, 99 N.E.2d 370; *McCook Window Co. v. Hardwood Door Corp.*) The defendant contends that the time and scope of the restriction go beyond what is necessary to protect the interest of the plaintiff in the customers of the businesses purchased. He argues that plaintiff put on no evidence showing that the defendant was luring away customers from the Herrin office. Generally, when an established business has been sold with its good will and there is a valid covenant not to compete, a breach is regarded as the controlling factor

and injunctive relief follows almost as a matter of course, it is not necessary that the buyer first prove special damages or show an actual loss of customers who might in any event have discontinued their patronage. (43 C.J.S. *Injunctions* §84(b)(1) (1945).) Although plaintiff need not prove an actual loss of customers, the evidence at trial supports the reasonableness and necessity of this restriction's scope. Defendant's own witnesses helped to establish this point. As shown above Walter Murphy and Fay Masulis both testified that they had been customers at the Herrin office and had traveled 40 miles or more to do business there but, that when defendant opened Conrad Optical in Harrisburg, they decided to transact business there. These witnesses were chosen by the defendant. The court could reasonably infer that they were likely to be representative of the behavior of the public in general. The defendant himself testified that among the people he has served at his new Harrisburg office are people who have been to the Herrin office, most of them before he sold it and some of them since the sale.

■■ In exchange for the restriction, the plaintiff is paying the defendant $73,000 for good will. Of this sum $45,000 is allocated to the Herrin office, the facility which previously enjoyed the business of these customers. The plaintiff's investment for good will was great and deserving of a protective clause adequate to protect it. We find that the evidence is more than sufficient to support the finding that a 75-mile, five-year restriction was necessary to fully protect the plaintiff's purchase of good will and therefore not unreasonable.

■■ The duration and territorial extent of a restraint ancillary to a sale of a business are unreasonable if they impose on the seller a hardship much greater, relatively speaking, than the ensuing advantage to the purchaser. Since the seller, in determining the sale price, usually included therein the value of its good will, which value is enhanced by the agreement not to compete, the showing of a hardship must be substantial. (*Watson v. Ross*, 46 Ill. App. 188; *McCook Window Co. v. Hardwood Door Corp.*) The defendant contends that the restraint is unreasonable because it is unduly harsh in that the deprivation of one's right to work is a harsh remedy. The parties to this agreement presumably entered into it voluntarily after arm's length negotiations. No argument was presented at trial to contradict this presumption. We conclude from the evidence in the record that the trial court properly decided that there was no undue hardship shown that is substantial enough to require a finding that their bargain was unreasonable. The evidence shows that the defendant received $117,000 including the $73,000 for good will for the sale of these businesses. He, in exchange, agreed not to engage in a competing optical business within 75 miles of Herrin, Illinois for a period of 5 years. This exchange does not seem to be one-sided. The defendant is being fairly

compensated for his 5 years of not running an optical business within the territory designated in the agreement. In addition, the evidence shows that the defendant has a one-half interest in an optical business outside the proscribed area of the covenant. The defendant has failed to make a substantial showing that he has been harmed more, relatively speaking, than the plaintiff has been benefited by the agreement.

■■ The defendant contends next that the trial court erred in rejecting the uncontradicted evidence of defendant's witnesses that in their opinion, the defendant's services were needed for the best interests of the public in Harrisburg, Illinois. For authority, he cites the rule that where the testimony of witnesses is uncontradicted, either by positive testimony or circumstances, and is not inherently improbable, it cannot be disregarded by the court. (*Dill v. Widman*, 413 Ill. 448, 109 N.E.2d 765; *Mammina v. Homeland Insurance Co. of America*, 371 Ill. 555, 21 N.E.2d 726; *Morris v. Pennsylvania R.R. Co.*, 10 Ill. App. 2d 24, 134 N.E.2d 21.) The decision whether a restrictive provision of a voluntary contract should be denied enforcement because it is injurious to the public is a question of law that requires the court to exercise its judgment and weigh many factors. (*Lanzit v. J.W. Sefton Manufacturing Co.*, 184 Ill. 326, 56 N.E. 393; *Tarr v. Stearman*, 264 Ill. 110, 105 N.E. 957.) The trial court could properly have found this restriction not injurious to the public without disregarding the testimony of the witnesses as there were other circumstances present and other matters to be considered and weighed. During the questioning of these witnesses it became apparent that there were four other optometrists in Harrisburg, Illinois. The availability of optical services was not changed at all by the creation of this agreement. The services supplied before by the defendant and his employees were taken over by the plaintiff and his employees. The plaintiff, in essence, replaced the defendant and the status quo of optical service was undisturbed. In *Tarr v. Stearman*, a case involving the practice of dentistry, the court stated that a contract in restraint of a trade or profession can be upheld if the place of such individual is to be supplied by some other person of the same trade or profession. This rule covers the instant case. The question of injury to the public involves a consideration larger than whether some patients feel Dr. Conrad's services are needed in Harrisburg. As stated by another Illinois court, "The services of no person can be so valuable to the public as to deprive him of the right to make an advantageous sale of his business upon the condition that he will not engage in competition with the buyer during the term of his own life, or that of the buyer, or for their joint lives." (*Pelc v. Kulentis*, 257 Ill. App. 213, 218.) The injury is much less when the restriction is for five years. We find no error in the trial court's finding as to injury to the public.

■■ Finally, the defendant contends that the court erred in finding that

the defendant was operating a business in breach of the contract of sale because there was no evidence that competition existed between the businesses. He points to the word "competing" in the portion of the provision set out above and argues that under the "strict construction" rule of *Cockerill v. Wilson*, 130 Ill. App. 2d 679, 265 N.E.2d 514, a breach could only be established by the plaintiff presenting evidence showing actual competition for customers between the Herrin and Harrisburg businesses. There is no merit to this contention. A defense not raised in the trial court is waived and may not be raised for the first time in the reviewing court. (*Shaw v. Lorenz*, 42 Ill. 2d 246, 246 N.E.2d 285; *Gill Custom House, Inc. v. Gaslight Club, Inc.*, 28 Ill. App. 3d 1066, 330 N.E.2d 559.) The defendant did not raise the issue in the trial court that his action was not a breach of the contract. He only presented evidence to support his argument as to his affirmative defense. In fact, in his brief in opposition to the complaint, defendant stated: "By his Answer the Defendant admits that he has engaging [*sic*] in a competing optical business in the city of Herrin [*sic*], Illinois." From the context, it is clear that the defendant meant Harrisburg and not Herrin, Illinois, but the brief was submitted with a typographical error. It is clear that this issue has been waived for purposes of this review.

For the foregoing reasons, we affirm the decree of the circuit court of Saline County.

Affirmed.

EBERSPACHER and G. J. MORAN, JJ., concur.