578 P.2d 190

**ESMARK, INC., a Delaware Corporation, Vickers Energy Corporation, a Delaware Corporation, Vickers Petroleum Corporation, a Kansas Corporation, and Vickers Arizona Oil Co., a Missouri Corporation, Appellants,**

v.

**Robert H. McKEE, Appellee.**

**No. 1 CA–CIV 3867.**

**DEPARTMENT B.**

Court of Appeals of Arizona, Division 1.

Feb. 14, 1978.

Rehearing Denied April 18, 1978.

Review Denied May 9, 1978.

---

1.  See also LaFave & Scott, Criminal Law, § 53, p. 391.

**512**

Lewis & Roca by Jeremy E. Butler, Paul G. Ulrich, Phoenix, for appellants.

Snell & Wilmer by Loren W. Counce, Jr., W. Charles Thomson, III, Phoenix, for appellee.

## OPINION

WREN, Judge.

Plaintiff, Esmark, Inc., (Esmark) and its affiliated corporations, Vickers Energy Corporation, Vickers Petroleum Corporation and Vickers Arizona Oil Co., brought suit against the defendant, Robert H. McKee, for temporary and permanent injunctions to enforce a covenant not to compete entered into as part of an agreement in which Esmark purchased all the outstanding shares of capital stock of McKee Petroleum Corporation, which operated as a retail gasoline business, from McKee and his attorney James Tierney. McKee moved for summary judgment on the basis that the non-competition covenant entered into between himself and Esmark was invalid and unenforceable as a matter of law. The trial court agreed and judgment was entered in favor of McKee. It is from this judgment that plaintiffs now appeal.

We turn first to the factual background pertinent to the issues raised. On February 25, 1976, McKee and Esmark entered into a contract which involved the exchange of Esmark common stock for McKee's stock in McKee Petroleum Corporation. Paragraph eight of the contract contains the non-competition covenant which states in part:

> "Robert H. McKee agrees that for a period of five (5) years from the closing date, he will not, without the prior written consent of Esmark or its subsidiary, Vickers Petroleum Corporation, directly or indirectly engage in the retail sale of gasoline in the State of Alabama, Arizona, Arkansas, Colorado, Illinois, Iowa, Kansas, Kentucky, Minnesota, Missouri, Nebraska, New Mexico, Oklahoma, Tennessee, Texas and Wisconsin (except the metropolitan Milwaukee area to which this restriction does not apply)."

Paragraph 11(1) of the contract provides that the contract shall be construed and enforced pursuant to Illinois law.

At the time the contract was executed McKee Petroleum Corporation owned twenty eight retail gas stations. Seventeen of these were in Arizona, twelve being located in Phoenix and five in Tucson; and they were operated under the name "McKee's". Within a few months of the execution of the contract the name was changed to "Vicker's" and the stations were being operated under the "Vicker's" name at the time this lawsuit was instituted.

Shortly after the consummation of his agreement with Esmark, McKee began negotiations to purchase 55% of the shares of stock in Pasco Petroleum Company, which operates retail gasoline stations in the Phoenix metropolitan area. On January 29, 1977, the plaintiff alleging irreparable injury should McKee consummate the Pasco purchase, brought suit to enjoin McKee's acquisition of Pasco stock, pursuant to the non-competition covenant in the Esmark-McKee agreement. On January 31, 1977 the trial court entered a temporary restraining order restraining McKee from directly or indirectly engaging in the retail sale of gasoline in Maricopa and Pima Counties by acquiring an interest in Pasco Petroleum Company or any entity affiliated

with it. Thereafter, upon McKee's motion, the temporary restraining order was dissolved and summary judgment entered in favor of McKee. The trial court found the restrictive covenant unenforceable for two reasons. First, under Illinois law, a covenant not to compete which includes an entire state is too broad and therefore unreasonable and unenforceable. Second, under Illinois law, the court has no duty or power to modify the agreement so as to give effect to the parties' intent.

The issue to be decided on appeal is whether a restriction against competition which applies to an entire state is per se invalid under Illinois law and if so, whether it can be modified and enforced to the extent it is reasonable.

There are two lines of Illinois cases discussing restrictive covenants not to compete. One concerns covenants ancillary to the sale of a business or property. The other involves restrictive covenants ancillary to employment contracts. In the present case we are concerned with a restrictive covenant ancillary to a sales agreement. Plaintiffs contend, and we agree, that under Illinois law a difference exists between the nature of the interest to be protected in cases involving buyers and those dealing with employers, and for this reason the decisions involving covenants ancillary to employment contracts, at least with respect to the policy considerations underlying those cases, are not of significance in cases involving covenants ancillary to the sale of a business. *See O'Sullivan v. Conrad,* 44 Ill.App.3d 752, 3 Ill.Dec. 383, 358 N.E.2d 926 (1976); *McCook Window Co. v. Hardwood Door Corporation,* 52 Ill.App.2d 278, 202 N.E.2d 36 (1964). Our research has disclosed, however, that there is no significant difference in the approach of Illinois courts with respect to the construction of restrictive covenants, whether they be ancillary to employment contracts or to sales contracts, and for this purpose the decisions in both lines of cases are of value. *Compare O'Sullivan v. Conrad with Barrington Trucking Company v. Casey,* 117 Ill.App.2d 151, 253 N.E.2d 36 (1969).

Under the law of Illinois, as well as that of Arizona, the enforceability of a non-competitive covenant ancillary to the sale of a business is dependent upon its reasonableness. *O'Sullivan v. Conrad.*

"For the restraint to be reasonable it must be necessary in its full extent for protection of the buyer, and at the same time not be oppressive to the seller or injurious to the interests of the general public. (*McCook Window Company v. Hardwood Door Corp.*; *Bauer v. Sawyer,* 8 Ill.2d 351, 134 N.E.2d 329.) The two elements of injury to the public and oppressiveness to the seller are the foundations for finding a restriction unreasonable as violative of 'public policy.' (*Decker v. West,* 273 Ill.App. 532.) The reasonableness of the time and territorial extent of a restraint ancillary to a sale of business or property must be judged by the circumstances of the particular case. *Vendo Co. v. Stoner,* 105 Ill.App.2d 261, 245 N.E.2d 263; *McCook Window Co. v. Hardwood Door Corp.*" *O'Sullivan v. Conrad,* 358 N.E.2d at 929.

It is clear summary judgment for the defendant was granted because the trial court believed the geographic restrictions in the restrictive covenant were unreasonable as a matter of law and could not be modified and enforced to the extent reasonable. Thus we are concerned in this appeal with whether the territorial restrictions are reasonable under Illinois law, and if unreasonable, whether they may properly be modified and enforced to the extent reasonable. The questions whether the parties would actually be competing if the Pasco deal was consummated and whether the covenant was fair to the parties and to the public was not resolved by the trial court and will not be addressed here.

Defendant contends that if the covenant is construed to apply to only one state—Arizona—its geographic scope is still unreasonable and the contract cannot be modified to apply to a smaller, reasonable territory. We disagree with both propositions.

514

First, the Illinois cases which state that a restrictive covenant which applies to an entire state is unreasonable and void have been interpreted as applying to restraints which apply to the entire state of Illinois. *Vendo Company v. Stoner,* 105 Ill. App.2d 261, 245 N.E.2d 263 (1969) *on appeal after remand,* 13 Ill.App.3d 291, 300 N.E.2d 632 (1973) and 58 Ill.2d 289, 321 N.E.2d 1 (Ill.1974). We have not found an Illinois case which specifically discusses the validity of restrictions which apply to a state other than Illinois and which differs in geography, size and population. In fact, the Illinois Supreme Court in *Lanzit v. J. W. Sefton Mfg. Co.,* 184 Ill. 326, 56 N.E. 393 (1900), specifically left open the question whether under certain facts a covenant restricting competition to an entire state might be valid. For these reasons we conclude that under Illinois law a non-competition covenant which applies to an entire state other than Illinois is not per se invalid and the validity of such covenant should be determined in accordance with the factors set forth above.

If it should be determined that the restriction to the State of Arizona in the covenant now under consideration is unreasonable, it will be necessary for the trial court to decide whether the geographic restraints may be modified to encompass a smaller, more reasonable area. In general, it can be stated that an unreasonable restriction against competition may be modified and enforced to the extent reasonable. *See Annot.,* 61 A.L.R.3d 397, § 3 (1975). Illinois appears to concur in this view so long as it appears from the terms of the covenant that the restrictions are severable in character. *See Lanzit v. J. W. Sefton Mfg. Co.; Central Keystone Plating of Illinois, Inc. v. Hutchison,* 62 Ill.App.2d 188, 210 N.E.2d 239 (1965); *Barrington Trucking Co. v. Casey.* If the severable character is apparent a covenant reasonable except as to area can be enforced as to a reasonable area. *Central Keystone Plating of Illinois, Inc. v. Hutchison.* The divisibility provision in the covenant in question is clear and unambiguous. It states:

"The period, the geographical area and the scope of the restrictions on McKee's activities are divisible so that if any provision of the restriction is invalid, that provision shall be automatically modified to the extent necessary to make it valid."

If we find that under Illinois law it is found that, the restriction to the State of Arizona is too broad, then plaintiffs are entitled to have the restrictive provisions enforced in a lesser, reasonable area if its other restrictive terms are also found to be reasonable.

Plaintiffs finally challenge that portion of the summary judgment which permits the defendant to "recover his costs and reasonable attorneys fees to the extent allowable under law and proven under supplemental proceeding." Because of our resolution of the issues herein, there is as yet no successful party in the action below and the award of attorneys fees is premature. *See* A.R.S. § 12–341 and A.R.S. § 12–341.01.

For the reasons stated above the judgment of the trial court is reversed and the case remanded for further proceedings consistent with the provisions of this opinion.

EUBANK, P. J., and JACOBSON, J., concur.