BOYAR-SCHULTZ CORPORATION, Plaintiff-Appellant, *v.* FRANCIS E. TOMASEK *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-2855

Opinion filed March 16, 1981.

Thomas P. Luning and Richard A. Simpson, both of Schiff, Hardin & Waite, of Chicago, for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (Arthur L. Klein, Richard K. Wray, and Reed R. Kathrein, of counsel), for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Boyar-Schultz Corporation (plaintiff) brought action against Francis E. Tomasek and F.E.T. and Associates, Inc. (defendants) seeking injunctive enforcement of a restrictive covenant. At the close of plaintiff's case, the trial court refused to grant a preliminary injunction and denied plaintiff's motion for reconsideration and modification of this decision. Plaintiff appeals.

In February 1978, plaintiff purchased U.M.I. Corporation (U.M.I.), a business half-owned and operated by defendant Tomasek. U.M.I. manufactured and serviced large coil processing equipment, a highly specialized line of machinery used in steel service centers. U.M.I. did business with approximately 7 percent of the steel service centers in the United States.

Francis Tomasek was founder, 50-percent owner and principal executive of U.M.I. He was actively involved in all areas of U.M.I.'s business. It is undisputed that Tomasek was generally known and respected within the coil processing industry. Plaintiff recognized Tomasek's value to U.M.I. As a condition of the acquisition of U.M.I., plaintiff entered into a 5-year employment contract with Tomasek on February 9, 1978. This contract contained a restrictive covenant which prohibited Tomasek from engaging in any capacity in any business in competition with plaintiff or its subsidiaries throughout the United States and Canada. This prohibition was to stand for a period of 5 years following termination of Tomasek's employment with plaintiff.

Tomasek was installed as president of the U.M.I. Division of plaintiff but soon became dissatisfied for various reasons. He resigned on September 24, 1979.

Beginning October 1979, Tomasek has conducted his own coil processing business under the name F.E.T. and Associates, Inc. F.E.T. has done business with several former customers of the U.M.I. Division of plaintiff.

Plaintiff contends the trial court erred in refusing to issue a preliminary injunction because the restrictive covenant is reasonable and the plaintiff's remedy at law is inadequate. In the alternative, plaintiff urges this court to reform and equitably enforce the covenant.

■■ "For a preliminary injunction to issue, the plaintiff must establish the threat of irreparable injury and the likelihood of [its] success on the merits." (*Donald McElroy, Inc. v. Delaney* (1979), 72 Ill. App. 3d 285, 290, 389 N.E.2d 1300.) The plaintiff "must establish to the satisfaction of the trial court that he will probably be entitled to the relief requested if the proof should sustain his allegations." (72 Ill. App. 3d 285, 291.) "The trial court must also conclude that the need for temporary relief outweighs the possible detriment to the defendant." (72 Ill. App. 3d 285, 291.) "The issuance of a preliminary injunction is addressed to the sound discretion of the trial court." (72 Ill. App. 3d 285, 291.) Thus, on appeal the reviewing court is limited to a determination of whether the trial court properly exercised its broad discretionary powers in refusing to grant the injunction. (*Image Supplies, Inc. v. Hilmert* (1979), 71 Ill. App. 3d 710, 712, 390 N.E.2d 68; *Wessel Co. v. Busa* (1975), 28 Ill. App. 3d 686, 690, 329 N.E.2d 414, *appeal denied* (1975), 60 Ill. 2d 602.) Accordingly, we must determine whether, on the basis of the evidence produced at the hearing on plaintiff's motion for a preliminary injunction, the trial court abused its discretion. *Donald McElroy, Inc.*, 72 Ill. App. 3d 285, 291.

We first consider the validity of the restrictive covenant. It is an accepted principle that the enforceability of a restrictive covenant "in

restraint of competition is conditioned upon its reasonableness in terms of its effect upon the parties to the contract and the public." (*House of Vision, Inc. v. Hiyane* (1967), 37 Ill. 2d 32, 37, 225 N.E.2d 21.) "Illinois courts, through recent decisions, have encouraged fair competition in business while exhibiting an abhorrence of restraint of trade." (*TAD, Inc. v. Siebert* (1978), 63 Ill. App. 3d 1001, 1004, 380 N.E.2d 963, *appeal denied* (1978), 71 Ill. 2d 621.) For this reason, covenants not to compete are carefully scrutinized by the courts. *Image Supplies, Inc.*, 71 Ill. App. 3d 710, 713; *Wessel Co., Inc.*, 28 Ill. App. 3d 686, 690.

■■ For a restrictive covenant ancillary to the sale of a business to be "reasonable," "it must be necessary in its full extent for protection of the buyer, and at the same time not * * * oppressive to the seller or injurious to the interests of the general public." (*O'Sullivan v. Conrad* (1976), 44 Ill. App. 3d 752, 756, 358 N.E.2d 926, *appeal denied* (1977), 65 Ill. 2d 582; *McCook Window Co. v. Hardwood Door Corp.* (1964), 52 Ill. App. 2d 278, 287, 202 N.E.2d 36.) The duration and territorial extent of the restraint are unreasonable if they impose on the seller "a hardship much greater, relatively speaking, than the ensuing advantage to the purchaser." (*O'Sullivan*, 44 Ill. App. 3d 752, 757.) "Whether the contract under consideration is reasonable or contrary to public policy is a question of law." *Barrington Trucking Co. v. Casey* (1969), 117 Ill. App. 2d 151, 156, 253 N.E.2d 36, *appeal denied* (1970), 42 Ill. 2d 586, citing *Tarr v. Stearman* (1914), 264 Ill. 110, 118-19, 105 N.E. 957.

■■ Testing the covenant in the case at bar, the conclusion of unreasonability is manifest. Prior to its acquisition by plaintiff, Tomasek's U.M.I. Corporation did business with only a small share of its potential customers in the United States. Yet, the restrictive covenant would prevent Tomasek from engaging in the coil processing business in any manner or capacity throughout the entire United States and Canada for a 5-year period. A requirement that Tomasek, a uniquely qualified individual, expatriate himself for 5 years if he wished to practice his chosen profession constitutes an undue hardship to Tomasek and a possible injury to the general public. The record before us does not justify such an oppressive restraint. The restrictive covenant is an unreasonable restraint of trade and is therefore unenforceable as a matter of law. See *House of Vision, Inc.*

We consider next plaintiff's contention that the trial court erred in refusing to modify the covenant so as to prohibit Tomasek from doing business with former customers of plaintiff's U.M.I. Division. As authority for such a modification, plaintiff cites this language from *House of Vision, Inc.*:

"While we do not hold that a court of equity may never modify the

restraints embodied in a contract of this type and enforce them as modified, the fairness of the restraint initially imposed is a relevant consideration to a court of equity." 37 Ill. 2d 32, 39.

■■ Subsequent cases have, however, interpreted this language as holding that a restrictive covenant which is void and unenforceable as written cannot be cured by judicial reformation. (See *Statistical Tabulating Corp. v. Hauck* (1973), 10 Ill. App. 3d 50, 53-54, 293 N.E.2d 900; see also *Central Specialties Co. v. Schaefer* (N.D. Ill. 1970), 318 F. Supp. 855, 859; *L & R Insurance Agency, Inc. v. McPhail* (1968), 92 Ill. App. 2d 107, 113, 235 N.E.2d 153, *appeal denied* (1968), 39 Ill. 2d 626.) We conclude the covenant in the case at bar may not be reformed and thus enforced by this court.

The authorities cited by plaintiff do not affect this result. In *Donald McElroy, Inc.*, 72 Ill. App. 3d 285, 295, the appellate court affirmed the issuance of a preliminary injunction which partially enforced as written a reasonable covenant not to compete. The issue of partial enforcement of an unreasonably restrictive covenant was not before the court in *Isabelli v. Curtis 1000, Inc.* (1975), 31 Ill. App. 3d 1030, 335 N.E.2d 538, since the covenantor did not object to such an action on appeal.

■■ We therefore conclude the denial of preliminary injunctive relief by the trial court was not an abuse of discretion. In our opinion the able trial judge properly concluded the restrictive covenant was unreasonable as written, and therefore should not be reformed and thus enforced.

■■ In our view, it is inappropriate at this stage of the proceedings for us to consider plaintiff's arguments as to appropriate remedies in this case. Such matters pertain to substantive issues not before this court. The denial of injunctive relief by the trial judge is the only subject involved in this interlocutory appeal. For the reasons set forth above, the order of the circuit court is affirmed.

Order affirmed.

McGLOON and CAMPBELL, JJ., concur.