SSA FOODS, INC., Plaintiff-Appellee, *v.* VICTOR GIANNOTTI *et al.*,
Defendants-Appellants.

First District (2nd Division)    No. 81-2259

Opinion filed March 30, 1982.

William M. Doty, Jr., and Joseph T. Stillo, both of Chicago, for appellants.

Robert A. Novelle and Stephen C. Debboli, both of Chicago, for appellee.

JUSTICE PERLIN delivered the opinion of the court:
Plaintiff, SSA Foods, Inc. (SSA), brought suit against defendants, Victor Giannotti and G.D.A. Corporation, d/b/a Vic Giannotti in Franklin

Park (G.D.A.), to enforce a covenant not to compete contained in the contract whereby Victor Giannotti sold his restaurant to SSA. After reviewing the verified pleadings, affidavits, exhibits and arguments of counsel, but without hearing oral testimony, the trial court entered a preliminary injunction in favor of plaintiff. From that order defendants appeal raising the following issues for our review: (1) whether the plaintiff had an adequate remedy at law which rendered an injunction inappropriate in this case; (2) whether the complaint pleaded sufficient facts to state a claim of irreparable injury; (3) whether oral testimony was required to constitute a sufficient basis for the issuance of a preliminary injunction; and (4) whether the preliminary injunction was overly broad. For the reasons hereinafter stated we affirm the order of the trial court.

On January 15, 1977, SSA contracted to purchase from Nicky's, Inc., all of the assets of the restaurant business known as "Giannotti's" located at 7711 West Roosevelt Road, Forest Park, Illinois. The restaurant was owned by Victor Giannotti and Mary Giannotti. The covenant-not-to-compete provision was embodied in two separate paragraphs in the contract. Paragraph (1c) provided that SSA purchased:

> "The exclusive limited license for the use of the name 'GIAN-NOTTI'S' for a period of five years from the date of closing of the transaction. After said 5 year period the Buyer shall have the limited use of the name 'GIANNOTTI'S' solely as a style for a restaurant and tavern business to be conducted at 7711 West Roosevelt Road, Forest Park, Illinois."

The second paragraph, labeled "Exhibit B" by the parties, provided:

> "FOR ADDITIONAL CONSIDERATION of Two Hundred Dollars and no/100 ($200.00) of SSA FOODS, INC., an Illinois corporation, agreeing to purchase from NICKY'S, Inc., an Illinois corporation, certain store business assets for the price and under the terms set forth in that certain Agreement, dated January 15, 1977, between NICKY'S, INC., an Illinois corporation, therein called 'SELLER', and SSA FOODS, INC., an Illinois corporation, to be referred to as 'BUYER'. The undersigned, VICTOR GIAN-NOTTI and MARY GIANNOTTI,[1] hereby expressly covenant and agree, as follows: That they will not open a restaurant or other form of food and/or liquor establishment in Cook County, Illinois, under the name 'GIANNOTTI'S' for a period of sixty months from this date."

On July 8, 1981, SSA filed its second amended complaint seeking injunctive relief against Victor Giannotti and G.D.A. The complaint alleged: that Victor Giannotti expended substantial time and effort in

---

[1] Mary Giannotti is not a party to this appeal.

developing the restaurant business in Forest Park; that he contracted to sell the restaurant business to SSA Foods; that sometime prior to March 1981 Victor Giannotti formed a corporation known as G.D.A. Corporation and opened a restaurant in Franklin Park under the name of "Vic Giannotti in Franklin Park"; that the restaurant in Franklin Park was in direct competition with the restaurant in Forest Park; that the use of the name "Vic Giannotti in Franklin Park" was a subterfuge in an attempt to breach the contract; and that the continued use of the name was causing plaintiff great and irreparable loss. The complaint was verified and had attached to it the contract of sale for the restaurant in Forest Park.

Defendants moved to strike and dismiss the second amended complaint and asserted that they were barred only from using the name "Gianotti's" and that the complaint was not brought in good faith. The defendants also filed "an answer to the motion for a preliminary injunction" and alleged that the plaintiff's request for an injunction was not based on a valid cause of action; that irreparable harm would be inflicted on defendants if an injunction were to issue; that the injunction requested was overly broad; and that the resultant harm to defendants would outweigh any possible benefit to the plaintiff.

On August 31, 1981, the court denied defendants' motion to strike and dismiss, and defendant filed his answer to the complaint admitting all of the material allegations of the complaint except two: (1) that the family name "Giannotti" was sold, and (2) that SSA did not have an adequate remedy at law. After hearing the arguments of counsel on these two issues and on the basis of the verified pleadings, exhibits and affidavits, the trial court enjoined defendants from "using the name 'Giannotti' in any form or context" in the operation and conduct of their restaurant business located in Franklin Park, Illinois.

I

■■ It is clear from our examination of the contract that the parties did not intend that the liquidated damages provision would constitute plaintiff's remedy for defendants' breach of the covenant not to compete. According to the contract, the liquidated damages provision was to be invoked only if the sale of the restaurant was not consummated. Since there is no dispute that the sale was consummated, it is evident that the liquidated damages clause in this contract has no bearing upon plaintiff's right to injunctive relief. Moreover, it is well established that a liquidated damages provision in a contract will not operate as a bar to an injunction which is required to enforce a covenant not to compete. *Bauer v. Sawyer* (1956), 8 Ill. 2d 351, 134 N.E.2d 329.

II

■■ ■ Defendants next contend that the preliminary injunction was

improperly issued because it was based upon an insufficient complaint. Defendants argue that the complaint was based upon plaintiff's conclusion that it suffered irreparable harm and that no facts were alleged to substantiate this claim. For purposes of establishing a right to injunctive relief, irreparable harm does not mean injury that is beyond repair nor beyond compensation in damages. Rather, it denotes transgressions of a continuing nature. (*Sports Unlimited, Inc. v. Scotch & Sirloin of Woodfield, Inc.* (1978), 58 Ill. App. 3d 579, 374 N.E.2d 916.) The complaint must allege facts from which the court can ascertain that the act to be enjoined constitutes a continuing harm. *Parsons v. Walker* (1975), 28 Ill. App. 3d 517, 328 N.E.2d 920.

■■ Here SSA alleged in its complaint that defendants breached their contract by opening a restaurant under the name "Vic Giannotti in Franklin Park"; that defendants persisted in their use of that name despite repeated requests by SSA to discontinue its use; that defendants were in direct competition with SSA; and that defendants' continuous use of the name caused confusion to SSA's customers and injured SSA's reputation and business. It has been held that an allegation of loss of business alone is a sufficiently specific factual allegation of irreparable injury. (*Cook County Brick Co. v. Labahn Brick Co.* (1900), 92 Ill. App. 526.) If such an allegation alone is sufficient, SSA certainly pleaded facts sufficient to demonstrate that defendants' conduct constituted a continuing harm and therefore substantiated a claim of irreparable injury.

### III

Defendants' third contention is that absent oral testimony, the materials presented to the trial court were insufficient to form a basis for evaluating the propriety of an injunction.

A party seeking an injunction must establish his right to an injunction by means of oral testimony only if there are contested material facts. Where the essential factual allegations of a complaint are not controverted, no oral testimony is necessary. *Paddington Corp. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484; *Seay & Thomas, Inc. v. Kerr's, Inc.* (1965), 58 Ill. App. 2d 391, 208 N.E.2d 22.

■■ Here defendants denied only two of plaintiff's allegations: (1) that the name "Giannotti" was sold and (2) that SSA did not have an adequate remedy at law. In our judgment defendants' denials did not controvert any essential factual allegations in SSA's complaint for injunctive relief. Moreover, after argument on the issues raised by defendants' denials, the trial court offered defendants an opportunity to present evidence, but they refused. Defendants admitted that oral testimony would add nothing to their case. The trial court then issued a preliminary injunction based on the arguments of counsel, verified pleadings, exhibits and affidavits. The

issuance of a preliminary injunction is within the sound discretion of the trial court, and unless the reviewing court finds that the discretion has been abused, the order will not be set aside. (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252.) The record does not, in our opinion, establish that in this instance it was an abuse of discretion for the trial court to issue an injunction without hearing testimony.

## IV

Defendants' final contention is that the preliminary injunction barring them from the "use of the name 'Giannotti' in any form or context" is overly broad. Defendants argue that they are bound only from using the name "Giannotti's."

It has long been held "where a party sells out an established business, and with it his own name, to be used in connection with such business, he can not afterwards resume it in carrying on the same business." (*Frazer v. Frazer Lubricator Co.* (1887), 121 Ill. 147, 157, 13 N.E. 639.) In *Frazer* the defendant, an inventor of a high quality axle grease, sold both his business known as "S. Frazer & Co." and the exclusive use of the name "S. Frazer & Co." He later resumed the same business under the name "Frazer Lubricator Co." The purchaser of "S. Frazer & Co." brought suit against Frazer for breach of contract. The trial court enjoined Frazer from the use of his name "in any way" in connection with the manufacture of axle grease. The Illinois Supreme Court upheld the injunction on the ground that since Frazer sold exclusive use of his name in connection with his business, he bound himself to refrain from using his name "in any way" in connection with the same business.

■■ ■ Similarly in the instant case, Victor Giannotti sold both his restaurant business and the exclusive use of his name in connection with such business for a prescribed period to SSA. The interest which a purchaser attempts to protect by means of a covenant not to compete is the possession and enjoyment of the good will of the property transferred to him. (*O'Sullivan v. Conrad* (1976), 44 Ill. App. 3d 752, 358 N.E.2d 926; *McCook Window Co. v. Hardware Door Corp.* (1964), 52 Ill. App. 2d 278, 202 N.E.2d 36.) The value of the good will is enhanced by a covenant not to compete and is a factor used in determining the sale price. Here Victor Giannotti received valuable consideration for the sale of the exclusive use of his name. Unless the use of his name was genuinely exclusive, it would have been of little value to SSA. When Giannotti sold the exclusive use of his name, he bound himself to refrain from using his name in connection with the restaurant business for five years. He accepted the benefits of the contract, and he must accept the burdens as well. Accordingly, it was not an abuse of discretion for the trial court to

enjoin defendants from "using the name 'Giannotti' in any form or context" in connection with their restaurant business, and therefore the injunction was not overly broad.

For the reasons hereinabove stated, we affirm the order of the circuit court of Cook County.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.