THE COUNTY OF KANE, Plaintiff-Appellant, v. F. JOHN RANDALL, the Sheriff of Kane County, *et al.*, Defendants-Appellees (F. John Randall, as Sheriff of Kane County, Counterplaintiff-Appellant; The County of Kane, American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO, *et al.*, Counterdefendants-Appellees).

Second District   Nos. 2—89—0473, 2—89—0666 cons.

Opinion filed March 13, 1990.—Rehearing denied April 6, 1990.

Gary V. Johnson, State's Attorney, of Geneva, and Sheridan & Associates, of Wheaton (Gerald M. Sheridan, Jr., of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellee Illinois State Labor Relations Board.

Cornfield & Feldman, of Chicago (Melissa J. Auerbach, of counsel), for appellees Illinois Public Employees Council No. 31, and American Federation of State, County, and Municipal Employees.

David R. Akemann, of Elgin, for F. John Randall.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, County of Kane (County) and counterplaintiff, F. John Randall (Sheriff), appeal the trial court's dismissal of their claim and counterclaim. We reverse the trial court and remand these causes for further proceedings.

This court has previously dealt with issues arising amongst these parties in their pursuit of a collective-bargaining agreement. (See *County of Kane v. Illinois State Labor Relations Board* (1988), 165 Ill. App. 3d 614.) In *County of Kane* we upheld the order and decision of the State Labor Relations Board (Board), which found the

County and the Sheriff to be joint employers of certain nonpeace officer personnel in the Kane County sheriff's office. The American Federation of State, County, and Municipal Employees (Union) was certified as the exclusive bargaining agent for both the peace and nonpeace officer units of the sheriff's office.

Following this certification, the Union filed an unfair labor practice charge with the Board, contending that the County refused to negotiate. In May 1987, the Board issued a decision ordering the County to bargain with the Union. The County's appeal of this order was dismissed by this court after it failed to file a brief. In October 1987, the Sheriff and the County filed with the Board cross-charges of unfair labor practices against each other as to the Sheriff's peace officer unit. The Sheriff and the County disputed the right of the other to bargain exclusively with the Union over various terms and conditions of employment, including wages, sick days, vacations, insurance, overtime, seniority, promotions, and pension and retirement plans. The executive director of the Board dismissed the charges, and the full Board upheld the dismissal. In its written decision, the Board stated in part:

"At the outset, we are presented with the question of whether Section 10(a)(4) of the Illinois Public Labor Relations Act (Act), Ill. Rev. Stat. 1985, ch. 48, par. 1601 *et seq.*, permits one employer to file charges against another employer. Section 10(a)(4) makes it an unfair labor practice for an employer to refuse to bargain collectively in good faith with a labor organization which is the exclusive representative of public employees in an appropriate unit. There is no allegation herein that either employer is refusing to bargain with AFSCME, the labor organization representing their employees. Rather, each employer contends that the other is bargaining outside the scope of its authority. The Act, however, does not establish any duty owed by employers to each other. To the extent that collective bargaining may be deemed an adversarial process, the adversaries are the employer and the labor organization, not the employers. The presumption must be made that it is in the mutual interests of the joint employers to come together and cooperate at the bargaining table. Otherwise, the entire collective bargaining process would be eviscerated.

Clearly, the joint employers' inability to agree with each other over what aspects of the employment relationship each controls subjects them *both* to a violation of the Act, since it poses a serious impediment to the exclusive representative's

ability *and right* [emphasis in original] to bargain with these employers as one employing entity. Had the exclusive bargaining representative filed this charge, we clearly would have the authority and obligation to hear the allegations as a Section 10(a)(4) charge. *Absent a charge by the exclusive bargaining representative, however, we have no authority to involve ourselves in this matter.*" (Emphasis added.)

The Board also quoted in a footnote from its decision in a 1986 case, *Town of Decatur*:

"The parties *** must determine for themselves their bargaining obligations and strategies, based upon the statutory constraints and their previous relationship. It is up to them to determine which entity has sufficient control over which aspects of the employment relationship so as to effectively bargain concerning them. We therefore will not elaborate upon the issue, and we decline to delineate areas of responsibility. In so concluding, we do not *** intrude into the bargaining process or create additional areas of responsibility for any party." *Town of Decatur*, 2 Pub. Employee Rep. (Ill.) par. 2024 n.3 (ISLRB 1986).

Following this dismissal, the County filed a four-count complaint in the circuit court seeking, alternatively, a declaratory judgment delineating the exclusive bargaining rights and responsibilities of the joint employ*ers* or a declaration that the "Illinois Public Labor Relations Act" (Ill. Rev. Stat. 1985, ch. 48, par. 1601 *et seq.*) is unconstitutional under either article I, section 2, or article IV, section 8(d), of the 1970 Illinois Constitution (Ill. Const. 1970, art. I, §2; art. IV, §8(d)). The complaint also sought a preliminary injunction restraining the Sheriff, the Union, and the Board from proceeding with collective bargaining or arbitration until the rights of the joint employers had been adjudicated by the court. The Sheriff filed a counterclaim seeking a declaration that the County had a mandatory duty to appropriate a sum necessary for the Sheriff to properly administer his duties and that the Sheriff has the exclusive duty to negotiate with the Union over all mandatory subjects of bargaining except those areas expressly granted to the County by statute and the aggregate amounts in three areas of supplies, equipment and services. The court dismissed the County's complaint and the Sheriff's counterclaim for lack of jurisdiction, stating:

"And I think that [this] is really the bottom line situation that we have here. 'The Board did not find that it had no jurisdiction over the issues raised in the charges.' And I think

from the record that that is also clear. 'Rather, the Board specifically found that it would have jurisdiction and the responsibility to determine the respective bargaining obligations of the joint employers if a charge were filed by' the Union 'against the joint employers.'

The Union memo stated 'The proper route for the County to follow would be for the County to engage in good faith bargaining with' the Union 'until such time as a real dispute arose,' and here I would insert concerning this issue, 'and then to let the State Board resolve such dispute.'

The best argument that I heard during the arguments concerning this matter was from the Union, that if this Court enters a declaratory judgment to solve what the County and the Sheriff perceived as their problem, this Court is forever entangled in the labor negotiations between the Union, the County and the Sheriff.

One of the underlying purposes of the Act that we're dealing with here was to keep the Circuit Court out of this type of problem, and I will not take jurisdiction of that matter because I should not. The Circuit Court does not belong involved in this matter.

Accordingly, then, I will grant the motions of the Union and the Attorney General to dismiss for want of jurisdiction."

The County's motion for reconsideration was denied, and this appeal followed.

■ The first question presented for our review is whether the trial court had jurisdiction to declare the respective bargaining rights and responsibilities of the County and the Sheriff. The court, characterizing the dispute as one involving "the labor negotiations between the Union, the County and the Sheriff," found that "one of the underlying purposes of the Act *** was to keep the Circuit Court out of this type of problem." However, we believe that the court misdiagnosed the problem and, therefore, was in error when it refused to provide a remedy.

■ The Illinois Public Labor Relations Act was created "to regulate labor relations between public employers and employees." (Ill. Rev. Stat. 1987, ch. 48, par. 1602.) " 'The Act provides a comprehensive system of collective bargaining for those public employees and employers who fall within its scope.' " (*City of Decatur v. American Federation of State, County & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 364, quoting *County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 196.) However, the dispute before us does not

fall within the scope of the Act. Count I of the County's complaint involves a dispute between the County and the Sheriff, not the County and the Union. Nowhere in its text does the Act address disputes between co-employers. The Board, in its decision, determined that it had no jurisdiction over the dispute in the absence of a charge of unfair labor practice by the Union.

■ Both the Board and the Union, however, contend that the court has no jurisdiction because the dispute "involves the collective bargaining process." While this suit will in all probability affect the bargaining process, the suit would not force the court to usurp the power of the Board and improperly involve itself in that process. Both the County and the Sheriff seek a declaration of their statutory powers and responsibilities which existed prior and subsequent to the enactment of the Act. An adequate avenue of resolution must exist for a dispute between governmental bodies and officials. Since the Board found that it lacked jurisdiction at this time, the court remains the only body capable of legally resolving the problem. The Board's position, that only it has jurisdiction, and then only if the Union charged either of the joint employers with an unfair labor practice, is untenable. Governmental bodies and officials seeking resolution of legitimate legal disputes cannot be held hostage to the whims of a third party/union.

Under the Act, public employers and exclusive representatives have the duty to "negotiate in good faith." (Ill. Rev. Stat. 1987, ch. 48, par. 1607.) It is an unfair labor practice for an employer to refuse to bargain collectively in good faith. (Ill. Rev. Stat. 1987, ch. 48, par. 1610(a)(4).) In the absence of a declaration of their respective rights and obligations, neither the County nor the Sheriff could fulfill its duty to negotiate in good faith. Negotiating with the Union on aspects of employment over which the parties do not have statutory authority is not negotiation in good faith. Furthermore, the Board's solution of negotiation until unfair labor practice charges are brought is without basis in the words of the Act. In the absence of clear legislative intent to the contrary, we will not force our governmental bodies and officials to violate the laws they are sworn to uphold before they can resolve a dispute amongst themselves. Good-faith collective bargaining will only occur when the parties negotiate from positions of knowledge and legal authority. The trial court may provide the parties with the statutory interpretations necessary to achieve this knowledge without infringing upon the Board's primary jurisdiction over public labor relations.

The Union cites the case of *Board of Education v. Compton*

(1988), 123 Ill. 2d 216, to support the proposition that the County and the Sheriff must wait for the Union to charge one or both of them with an unfair labor practice before their dispute can be resolved. *Compton* concerned the interpretation of the Illinois Educational Labor Relations Act (Educational Act) (Ill. Rev. Stat. 1987, ch. 48, par. 1701 *et seq.*), which, together with the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1601 *et seq.*), was to provide " 'a comprehensive regulatory scheme for public sector bargaining in Illinois.' " (*Compton*, 123 Ill. 2d at 221, quoting *Chicago Board of Education v. Chicago Teachers Union* (1986), 142 Ill. App. 3d 527, 530.) At issue in *Compton* was the trial court's jurisdiction, or lack of same, over awards obtained via the binding arbitration required under section 10(c) of the Educational Act. (Ill. Rev. Stat. 1987, ch. 48, par. 1710(c).) The Board of Education contended that, if such awards were not reviewable by the circuit court, a party would be required to commit an unfair labor practice to obtain review of an arbitrator's award. The court, while "sympathiz[ing] with [the Board of Education's] uneasiness at having to commit a technical breach of the law in order to obtain review," determined that such a requirement flowed from the structure of the Educational Act and jibed with the act's goal of minimizing disputes and encouraging arbitration. *Compton*, 123 Ill. 2d at 225-26.

We find *Compton* to be clearly distinguishable. *Compton* involved a dispute between an employee and an employer, a dispute clearly covered by the act there involved. Again, the case before us involves a dispute between joint employ*ers*. This dispute is not subject to the strictures of the Act. While the legislature may find it necessary and salutary to limit the review of decisions arising under the labor relations acts, it has not so limited the parties' actions in this case. We find no intention on the part of the legislature to tie the hands of disputatious governmental bodies or officials and require them to violate the law in order to have their legitimate dispute resolved. We, therefore, determine that the court had jurisdiction to entertain both the County's complaint and the Sheriff's counterclaim seeking declaratory relief.

The court also refused to rule on the constitutionality of the Act as it relates to the issue of joint employers. The County contended that the Act was unconstitutionally vague in that it failed to define the rights and duties of joint employers and that it was in derogation of prior constitutional and statutory powers of the County and the Sheriff. The court found that it had no jurisdiction over this question.

■ Citations are not needed for the proposition that the circuit court has jurisdiction to rule on the constitutionality of statutes passed in this State. Both the Board and the Union contend, however, that consideration of the constitutional questions presented here is barred by the County's failure to raise the issues in prior proceedings. The doctrine of *res judicata* provides that " 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the *same* claim, demand, or cause of action.' " (Emphasis in original.) (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251, quoting *People v. Kidd* (1947), 398 Ill. 405, 408.) This bar operates not only against all matters actually decided in the prior action, but also to all grounds of recovery which might have been presented in the prior proceedings. *Housing Authority*, 101 Ill. 2d at 251-52.

■ The dispute in the case before us, that between the County and the Sheriff, is not a reargument of whether those parties are joint employers. Neither party challenges that adjudication. The dispute, involving the application of the Act, arose *after* certification of the parties as joint employers and after attempts at collective bargaining were begun. Thus, the dispute did not exist at the time of the prior proceedings and could not have been decided at that time. Therefore, the doctrine of *res judicata* does not prevent the court from considering the constitutionality of the Act.

We conclude that the trial court erroneously dismissed for lack of jurisdiction both the County's complaint and the Sheriff's counterclaim. On remand, the trial court shall consider both the declaratory relief sought and the constitutional questions presented.

Reversed and remanded for further proceedings.

UNVERZAGT, P.J., and REINHARD, J., concur.