2020 IL App (1st) 191809-U

FIFTH DIVISION
January 17, 2020

No. 1-19-1809

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| SARAH GERTRUDE SCHATZ and RACHEL BARKER ISRAELA SCHATZ, | ) )  | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NOAH GOODMAN ISRAEL SCHATZ, individually, and as Co-Trustee of the Schatz Real Estate Trust u/a/d 3/1/99, as Cu-Trustee of the Schatz Real Estate Trust II u/a/d 4/20/00, as Co-Trustee of the Schatz Irrevocable Trust f/b/o Rachel Barker Israela Schatz u/a/d 12/29/97, and as Co-Trustee of the Schatz Irrevocable Trust f/b/o Sarah Gertrude Schatz u/a/d 12/29/97, and LINCOLN KENNEDY AU SCHATZ, individually, and as Co-Trustee of the Schatz Real Estate Trust u/a/d 3/1/99, as Cu-Trustee of the Schatz Real Estate Trust II u/a/d 4/20/00, as Co-Trustee of the Schatz Irrevocable Trust f/b/o Rachel Barker Israela Schatz u/a/d 12/29/97, and as Co-Trustee of the Schatz Irrevocable Trust f/b/o Sarah Gertrude Schatz u/a/d 12/29/97, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 16 CH 8749 |
| | ) | |
| Defendants | ) ) | Honorable Pamela McLean Meyerson, |
| (Lincoln Kennedy Au Schatz, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concur in the judgment.

**ORDER**

¶ 1    ***Held:***    This court has jurisdiction to review an order which modified or refused to modify a preliminary injunction. Because there were contested issues of material fact, the circuit court abused its discretion by entering a preliminary injunction without an evidentiary hearing.

¶ 2                                        BACKGROUND

¶ 3    Peggy Au Schatz is the settlor of the four trusts at issue in this case. She created the trusts for the benefit of her four children Sarah Gertrude Schatz, Rachel Barker Israela Schatz, Noah Goodman Israel Schatz, and Lincoln Kennedy Au Schatz. Noah and Lincoln were named as co-trustees of all four trusts. The *res* of the trusts include a majority ownership interest in a commercial building and a group of interrelated companies, of which Noah and Lincoln were the managers.

¶ 4    In 2016, Sarah and Rachel filed a six-count complaint against Noah and Lincoln.[1] Counts I through V alleged that Noah and Lincoln had breached their fiduciary duties as trustees by, among other things, failing to provide accountings, using trust assets to fund personal investments, imprudently investing trust assets, and refusing to make distributions to Sarah and Rachel. Among the relief sought on all five breach of fiduciary duty claims was an order removing Noah and Lincoln as trustees. Count VI requested a preliminary injunction requiring the turnover of trust records and an accounting prepared by an independent accountant.

¶ 5    The parties engaged in lengthy written discovery during which Noah and Lincoln both signed verifications of the various discovery responses. Among the documents produced by Noah and Lincoln appeared to be copies of certain trust-related bank statements. However, in the second

---

[1] As is discussed below, Noah resigned as trustee before the entry of the order at issue at issue in this appeal. He is not a party to this appeal.

set of statements, several payments toward Noah's personal credit card had evidently been surreptitiously relabelled as payments to vendors of the trust-owned companies.

¶ 6     In December 2018, Sarah and Rachel filed a motion asking that the court remove Noah and Lincoln as trustees and as managers for the trust-owned companies. The motion alleged that the bank statements showed a clear and fraudulent attempt to hide instances where trust funds were used to pay Noah's personal credit card bills. And, although the motion did not specifically identify any wrongdoing by Lincoln, it alleged that he was an additional cardholder on Noah's credit card account and noted that he had been co-trustee at all relevant times. In a later supplement to the motion, Sarah and Rachel alleged that they had subpoenaed original documents and invoices from Noah's credit card company and the trusts' bank and vendors. They alleged that the responses to those subpoenas further supported the conclusion that the bank statements had been falsified.

¶ 7     In his response to the motion, which he supported with an affidavit, Lincoln argued that he had done nothing wrong. He swore that he was not responsible for any of the credit card charges at issue in the allegedly doctored bank statements. He claimed that he never had access to the bookkeeping software for the trusts or their companies, that he did not produce the allegedly falsified documents, and that he was not aware of trust funds being used to pay Noah's credit card bills. Lincoln also alleged that, since the filing of the motion, he had taken several steps to prevent any future abuses. Moreover, Lincoln argued that the motion was procedurally improper because it did not state the legal basis for the relief sought. He also argued that he could not be removed from his roles with the trust-owned companies because the companies were not parties to the lawsuit.

¶ 8     Sarah and Rachel characterized Lincoln's response as a damning admission that he had previously abdicated all his duties as trustee to Noah and the companies' accountant. They argued

3

that his complicity in Noah's alleged misdeeds was either wilful or wilfully ignorant, and in either case, merited his removal as trustee. Moreover, they pointed out that Lincoln had verified the authenticity of the allegedly fraudulent discovery responses.

¶ 9    Noah resigned as trustee and as manager for the trust-owned companies before the court heard argument on the motion, rendering that portion of the motion moot. After hearing argument on June 28, 2019, the court denied the motion to remove Lincoln as manager of the trust-owned companies for lack of personal jurisdiction over the companies. However, it granted the motion to remove Lincoln as trustee because, "it's uncontested that the defendants produced two sets of documents in discovery showing clear evidence of intentional alteration." The court further stated that "we don't know at this point all of the facts, but what plaintiffs have come forward with in a very well-organized way is evidence of egregious wrongdoing, evidence that has not been at this point explained or controverted by the defendants." The court ruled that the motion did not require an evidentiary hearing because Lincoln's affidavits did not actually contradict the allegations. The court found "that there is need to put someone else in charge of these trusts to ensure the integrity of these proceedings themselves as well as to protect the interests of the beneficiaries."

¶ 10    Lincoln moved to reconsider the order removing him as trustee. He argued that by focusing on his verification of the allegedly fraudulent discovery responses, the court had effectively added an unpleaded claim that Lincoln had breached a fiduciary duty to produce truthful discovery responses. He argued that he was insulated from any such claim because he had reasonably relied upon counsel in the production of discovery responses. Lincoln supported his motion with an affidavit swearing that Noah had provided the discovery documents directly to their attorneys, and that he had never seen the allegedly fraudulent statements until Sarah and Rachel filed their motion.

¶ 11 On August 5, 2019, the court denied the motion to reconsider. The court held that Lincoln had waived any argument that he had reasonably relied upon counsel in the production of discovery responses. When asked specifically whether its ruling was "a discovery sanction or *** an entry of judgment for the breach [of fiduciary duty]", the court reiterated that it had acted under its "inherent authority as a chancellor to remove the trustee as an interim measure". This appeal followed.

¶ 12                                     ANALYSIS

¶ 13 This court has an independent duty to consider its jurisdiction. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). To determine whether we have jurisdiction, we must first address a substantive issue of this appeal: what is the nature of the order removing Lincoln as trustee? Lincoln argues that the circuit court's order was a preliminary injunction and that we therefore derive our jurisdiction from Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) (providing for review of interlocutory orders granting injunctions). Sarah and Rachel argue that the court's order was not an injunction, but something analogous to—but somehow distinct from—partial summary judgment. Surprisingly, they do not argue that this appeal should be dismissed for lack of jurisdiction pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) (allowing appeal of final judgments as to "fewer than all of the parties or claims" *only* with an express written finding by the trial court). Rather, they claim that we have jurisdiction to review the circuit court's order under Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016) (providing for immediate review of "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party.").

¶ 14 "To determine what constitutes an appealable injunctive order under Rule 307(a)(1) we look to the substance of the action, not its form." *In re A Minor*, 127 Ill. 2d 247, 260 (1989).

"Actions of the circuit court having the force and effect of injunctions are still appealable even if called something else." *Id.* Lincoln argues that the order removing him as trustee was an injunction, because the court ordered him to refrain from acting as trustee. See *Id.* at 361 (quoting Black's Law Dictionary 705 (5th ed. 1983)) (injunctions require a party "to do or refrain from doing a particular thing.").[2]

¶ 15    When asked by Lincoln's counsel whether the ruling was a judgment, the court responded, "It is part of my inherent authority as a chancellor to remove the trustee as an interim measure". The conclusion that the court's ruling was a preliminary injunction rather than a final judgment on the merits is bolstered by the court's statement that "we don't know at this point all of the facts" and its assertion that it was exercising its authority to remove the trustee as an "interim measure." Moreover, in denying the motion to reconsider, the court stated that the removal of Lincoln as trustee would help ensure "the integrity of the process" while the facts of the case developed. That language is wholly inconsistent with a final judgment, which would be entered only *after* the all the facts had been presented. We agree with Lincoln that the court's June 28 order was a preliminary injunction and we will thus construe the motion to remove the trustee as a motion for a preliminary injunction.

¶ 16    However, Lincoln did not timely appeal the entry of the June 28 order. Appeal from an interlocutory order under Rule 307(a) "must be perfected within 30 days from the entry of the

---

[2] Although no party raises this specific comparison, we note that this court has previously held that an order removing and replacing corporate officers is not an injunction. *Santella v. Kolton*, 393 Ill .App. 3d 889 (2009). That is because "the removal and replacement of *** directors and officers [are] statutory remedies which operate to change the legal status of the corporate positions". *Id.* The orders at issue in this case, however, deal with the removal of Lincoln as trustee, not as director or officer of a private corporation, and the remedy sought was equitable rather than statutory.

interlocutory order". Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017). Rather than appeal the June 28 order, Lincoln moved for reconsideration. A motion to reconsider tolls the time to perfect an appeal from a final judgment (*VC & M, Ltd. v. Andrews*, 2013 IL 114445, ¶ 18), but the general rule is that motions to reconsider interlocutory orders do not toll the time to perfect an appeal under Rule 307. *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023, 1026 (2005) (citing *Trophytime, Inc. v. Graham*, 73 Ill. App. 3d 335, 335 (1979)). Therefore, we have jurisdiction over this appeal only if the circuit court's August 5 denial of the motion to reconsider is, itself, an appealable interlocutory order under Rule 307(a).

¶ 17 We hold that the August 5 order is appealable under Rule 307(a)(1). Either, as Lincoln suggests, the court modified the June 28 order by using the word "interim" on August 5, or the court's denial of the motion for reconsideration was a refusal to modify or dissolve the injunction. In either case, the August 5 order perpetuated the June 28 injunction and the general rule about motions for reconsideration of interlocutory orders is inapplicable. See *Clark v. Country Mutual Ins. Co.*, 131 Ill. App. 3d 633, 636 (1985) (order denying a motion to reconsider compelled arbitration and stay of proceedings appealable because it perpetuated the effects of an existing injunction); *Craine*, 354 Ill. App. 3d at 1027 (explaining that where an injunction is already in place, a denial of a motion for reconsideration is, itself, injunctive in nature).

¶ 18 Having determined that we have jurisdiction to hear this appeal, we must determine whether the court abused its discretion by failing to hold an evidentiary hearing before entering an injunction. *Passon v. TCR*, Inc., 242 Ill. App. 3d 259, 265 (1993). Generally, "after a defendant files an answer which disputes material factual issues, the court must hold an evidentiary hearing" before entering a preliminary injunction. *Id.* (holding that the trial court had erred in refusing to hold an evidentiary hearing before entering a preliminary injunction enjoining the defendants from

removing the plaintiff as a general partner). However, the *Passon* court also acknowledged that it is not an abuse of discretion to deny an evidentiary hearing if the central issues were uncontroverted by the defendant's answer (citing *Brooks v. La Salle National Bank*, 11 Ill. App. 3d 791, 798 (1973)) or "where the defendant refused to present evidence of the disputed facts when given an opportunity by the court" (citing *SSA Foods, Inc. v. Giannotti*, 105 Ill. App. 3d 424, 428 (1982)). *Id.* at 264.

¶ 19     Sarah and Rachel argue that the circuit court did not require an evidentiary hearing because Lincoln did not dispute the relevant factual allegations. They argue that the financial records produced in discovery showed extensive misappropriation of trust funds and an elaborate effort to hide that misappropriation by falsifying the trusts' records As the court noted, the evidence of that malfeasance had "not been *** explained or controverted by the defendants."

¶ 20     However, the circuit court also acknowledged that there was no clear evidence tying Lincoln to the alleged acts. Moreover, Lincoln provided affidavits in which he denied that he was the perpetrator of the alleged fraud and disclaimed any knowledge of the misdeeds. Lincoln's affidavits, therefore, create a genuine factual dispute as to whether he was culpable for any wrongdoing, either directly or in failing to prevent his co-trustee's depredations of trust assets. Because that crucial factual dispute remains unresolved, we must reverse the circuit court's orders and remand this case for an evidentiary hearing. See *Id.* at 265. In light of this conclusion, we need not reach Lincoln's other contentions of error. See *Id.*

¶ 21                                        CONCLUSION

¶ 22     We reverse the orders of the circuit court and remand this case for an evidentiary hearing on Rachel and Sarah's motion, after which the circuit court shall make specific factual findings supporting its disposition. At oral argument, this court was advised that an individual currently

serves as interim trustee by agreement of the parties. Pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), we order that the interim trustee shall remain in place until the circuit court resolves the motion for removal of Lincoln as trustee.

¶ 23    Reversed and remanded with directions.